IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHEN C. BAILEY,

    Plaintiff,

v.                                                                                        No. 22-cv-0892 RB-LF

BOARD OF COUNTY COMMISSIONERS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Defendant Board of County Commissioners' Motion to Dismiss. (Doc. 5.) Defendant seeks dismissal of Plaintiff's Prisoner Civil Complaint (Doc. 1-1) on the ground that it fails to state a cognizable claim. Plaintiff did not respond or otherwise oppose the Motion. Having reviewed the relevant law and arguments, the Court will grant the Motion.

**I.**     **Background**

    This case stems from Plaintiff's conditions of confinement at the Metropolitan Detention Center (MDC). Plaintiff was detained at MDC when the case was filed and is proceeding *pro se*. (Doc. 1-1 at 1.) The Civil Complaint alleges cyberhackers attacked Bernalillo County's databases in 2022, including MDC's electronic security system. (*Id.*) The cyber-attack allegedly disabled MDC's automatic door mechanisms and security cameras. (*Id.*) It also allegedly "compromised vital data that is necessary for the state's prosecutors to ethically pursue convictions." (*Id.*) Later that year, MCD Chief Greg Richardson declared a state of emergency due to understaffing. (*Id.*) MDC has a 51.09% vacancy rate among correctional officers, and the medical division is also "understaffed." (*Id.*) Plaintiff alleges Richardson created a toxic environment at MDC, which caused many staff members to quit, and that Richardson failed to oversee safety operations at

MDC. (*Id.* at 2.)

According to Plaintiff, the understaffing (and perhaps the cyber-attack) "authorized corrections officers to apply deadly force" inside the facility. (*Id.* at 1.) Plaintiff does not allege he suffered any attack at MDC, however. It appears he was locked down for various four or five day periods in September and October 2022. (*Id.* at 2.) The State Public Defender also allegedly instructed defense attorneys to stop visiting clients at MDC. (*Id.*)

Construed liberally, the Complaint raises 42 U.S.C. § 1983 claims for cruel and unusual punishment based on Plaintiff's conditions of confinement. (*See id.*) The Complaint also purports to raise claims relating to Plaintiff's state criminal prosecution, including "gross miscarriage of justice[,] violating rights of the accused to due process, equal protections, fair trial, [and] effective counsel guaranteed by the U.S. Const. . . . ." (*Id.*) The Complaint names one Defendant (the Board of County Commissioners for Bernalillo County) and does not contain a prayer for relief. (*Id.* at 1–2.) Plaintiff originally filed the Complaint in New Mexico's Second Judicial District Court. (*Id.*) Defendant removed the case based on federal-question jurisdiction and filed the instant Motion under Fed. R. Civ. P. 12(b)(6). (Doc. 5.) The certificate of service reflects counsel for Defendant mailed a copy of the Motion to Plaintiff at his address of record on November 22, 2022. (*Id.* at 3.) Plaintiff did not file a response or other submission opposing the Motion. The Court will consider whether there are grounds to dismiss the Complaint against Defendant.

## II.    Standard of Review

Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, the Court must

2

accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, . . . confusion of various legal theories, . . . or . . . unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

### III. Discussion

Plaintiff raises claims under the federal constitution, which are analyzed under 42 U.S.C. § 1983. Section 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trs.*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must

allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046.

The Complaint does not name any individual who was personally involved in the alleged wrongdoing. As noted above, the only named Defendant is the Board of County Commissioners for Bernalillo County. Local governmental entities may not be held liable under § 1983 for the actions of its employees based on the doctrine of *respondeat superior*. *See Cannon v. City & Cnty. of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). To establish liability of local-government entities under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993–94 (10th Cir. 1996).

The Complaint merely alleges Defendant: (1) is "the governmental entity . . . whose administrative department []MCD fulfills the security function as custodian of inmates[;]" and (2) Chief Richardson and Defendant have failed to "enact proper remedies to resolve the humanitarian crisis that exists at []MDC . . . ." (Doc. 1-1 at 1–2.) These facts do not show Plaintiff's conditions of confinement are attributable to a municipal policy or custom promulgated by Defendant. The Complaint therefore fails to state a cognizable claim under 42 U.S.C. § 1983. To the extent the Complaint raises defects in Plaintiff's state criminal prosecution (ineffective assistance, due process violations, denial of the right to a fair trial, etc.), such claims can only be raised in a properly exhausted 28 U.S.C. § 2254 habeas proceeding. *See Naves v. Bigelow*, 565 F. App'x 678, 679 n.1 (10th Cir. 2014) (Section 2254 is the "proper vehicle for a challenge to the validity of a

[state] conviction or sentence" in Federal Court); *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement. . . .' He must seek federal habeas corpus relief (or appropriate state relief) instead.") (quotations omitted).

*Pro se* plaintiffs are ordinarily given an opportunity to remedy defects attributable to their ignorance of federal law, particularly where a complaint is dismissed *sua sponte* under 28 U.S.C. §§ 1915(e) or 1915A. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]he filing of a motion to dismiss gives the plaintiff notice that his complaint is potentially deficient and the opportunity to amend his complaint to cure the alleged deficiencies." *Ostler v. Buhler*, 30 F.3d 142 (10th Cir. 1994); *see also Hall*, 935 F.2d at 1109–00 (noting that "dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint"). The motion here notified Plaintiff that the Complaint does not "set forth allegations that demonstrate that a policy or practice or custom that caused him to be placed on lockdown, as opposed that being a decision by an employee of the Detention Center," and Plaintiff did not attempt to cure the deficiency. (*See* Doc. 5 at 2.) Accordingly, the Court will grant the motion in part. All claims against Defendant will be dismissed with prejudice, based on the failure to sufficiently allege *Monell* liability or respond to cure such deficiency. Any other claims Plaintiff may wish to raise based on the facts in the Complaint will be dismissed without prejudice, as the Court has not otherwise reached the merits of his constitutional claims. To the extent Plaintiff wishes to raise defects in his state criminal prosecution, such claims should be brought to the attention of his state defense attorney and/or raised in a properly exhausted habeas petition, if the alleged defect(s) results in a conviction.

5

**IT IS ORDERED** that Defendant Board of County Commissioners' Motion to Dismiss (**Doc. 5**) is **GRANTED** as set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's Prisoner Civil Complaint (**Doc. 1-1**) is **DISMISSED with prejudice**, as to Defendant Board of County Commissioners for Bernalillo County; any remaining claims in the Complaint (**Doc. 1-1**) are **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE